ALDERMAN, Chief Judge.
The defendant appeals his conviction for shooting into a building in violation of Section 790.19, Florida Statutes (1975). The only issue raised is whether the trial court erred in denying defendant’s motion to suppress. We hold that the defendant failed to meet his burden of showing that the error complained of injuriously affected his substantial rights.
The defendant pled not guilty. After a jury was empaneled the defendant filed a written motion to suppress. The trial court, out of the presence of the jury, held a suppression hearing and denied the motion. The trial then proceeded and the jury returned a verdict of guilty. The defendant provided us with a transcript of the suppression hearing, but failed to give us a transcript of the trial.
Even if we were to conclude that the trial court erred in denying defendant’s motion to suppress, without the trial transcript we cannot be sure, and cannot presume, that the error injuriously affected the substantial rights of the defendant.[1] This case is distinguishable from the situation where a defendant, after an adverse ruling on his motion to suppress, withdraws his plea of not guilty and enters a plea of nolo conten-dere, reserving his right to appeal. In that situation the only testimony presented is at the suppression hearing. In the present case the defendant did not change his plea; instead he elected to proceed with the trial, he was found guilty and now he is appealing his conviction.
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.

. Section 924.33, Florida Statutes (1975), provides:
No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.